UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00615-RJC
(3:18-cr-00343-RJC-DCK-1)

| | |
|---|---|
| JOSEPH SIMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Pro Se Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

**I.     BACKGROUND**

In late 2017, Petitioner Joseph Sims ("Petitioner") began communicating with a fourteen-year-old female through a mobile gaming app and then through messaging apps, including SNAPCHAT and WhatsApp. [CR Doc. 37 at ¶ 5: Presentence Investigation Report (PSR)]. Petitioner lived in Kansas, and the minor lived in Union County, North Carolina. [Id.]. During their chats, Petitioner discussed performing various sex acts with the minor, sent her pictures of his penis, and received nude photos from her. [Id. at ¶ 6]. Petitioner proposed that the minor run away to visit him, and he advised her to turn off apps or location services on her device so that she

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:20-cv-00615-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:18-cr-00343-RJC.

could not be traced.  [Id.].  In November 2017, the minor ran away from home to see Petitioner. [Id. at ¶ 8].  A Union County Sheriff's Officer found her before she left the area.  [Id.].

After the minor told the officer about her online relationship with Petitioner, an investigation was undertaken, and warrants were executed at Petitioner's home.  [Id. at ¶¶ 8-9]. During the investigation, Petitioner admitted that he had communicated with the minor, that he had traded child pornography on an app, and that he had 200 images of child pornography on his computer.  [Id. at ¶ 9].  The computer was encrypted, and law enforcement was unable to analyze it.  [Id.].  A forensic examination of other devices located at least 40 images and five videos of child pornography, including images depicting prepubescent minors.  [Id. at ¶ 13].  In analyzing Petitioner's other devices, investigators also found evidence of online chats with other minors.  [Id. at ¶ 10].

From 2011 to 2015, Petitioners engaged in sexual conversations with a minor who lived in California.  [Id. at ¶ 11].  They exchanged pictures and videos.  [Id.].  When interviewed, the minor told investigators that Petitioner sent her sexually explicit videos, that he requested pornographic images of her, and that she had met him in Kansas and engaged in sexual acts with him.  [Id.]. Investigators also found evidence of chats with a minor in Kentucky.  [Id. at ¶ 12].  The minor sent Petitioner a series of images in which she was topless and wearing only underwear.  [Id.].

In October 2018, Petitioner was charged in a Bill of Information with one count of knowingly receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2).  [CR Doc. 24: Bill of Information].  Petitioner waived indictment and agreed to plead guilty.  [See CR Doc. 25: Plea Agreement].  As part of the plea agreement, the parties agreed to jointly recommend a base offense level of 22; two-level enhancements for material involving a prepubescent minor, distribution under U.S.S.G. § 2G2.2(b)(3)(F), and use of a computer for receipt and possession of

2

the material; a five-level enhancement because Petitioner engaged in a pattern of activity involving the sexual abuse or exploitation of a minor; a four-level enhancement because the offense involved between 300 and 600 images; and a three-level reduction for acceptance of responsibility. [CR Doc. 25 at ¶ 7]. The parties also agreed that a sentence within the applicable guidelines range was appropriate and neither party would seek a departure or variance. [Id. at ¶ 7(j)]. Petitioner stipulated that there was a factual basis for his guilty plea, that he had read it and understood it, and that the factual basis could be used by the Court and the United States Probation Office to determine the applicable advisory guidelines range and sentence. [Id. at ¶ 10].

Petitioner pleaded guilty in accordance with the plea agreement. At the plea hearing, Petitioner affirmed that he understood the terms of his plea agreement, including the waiver of his appellate and post-conviction rights, that no one had made promises of leniency or a light sentence outside the plea agreement to induce him to plead guilty, and that he had had sufficient time to discuss any possible defenses with his attorney. Petitioner also testified that he was satisfied with his attorney's services and affirmed that he had read, understood, and agreed with the factual basis. [CR Doc. 29 at ¶¶ 25-29, 30-35: Acceptance and Entry of Guilty Plea]. The Magistrate Judge accepted Petitioner's guilty plea, finding that it was knowing and voluntary. [Id. at 4].

Before sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 37: PSR]. The probation officer recommended that Petitioner be sentenced in accordance with the base offense level and enhancements set forth in the plea agreement, except for including a five-level, rather than four-level, enhancement for the number of images involved, which the probation officer determined exceeded 600. [Id. at ¶¶ 21-26, 32-33]. Based on a Total Offense Level (TOL) of 35 and a criminal history category of II, the guidelines advised a

sentencing range of 168 to 210 months' imprisonment. [Id. at ¶¶ 34, 39, 57]. Petitioner did not file any substantive objections to the PSR. [See Doc. 53 at 3: Sentencing Tr.].

Petitioner was sentenced on December 11, 2019. At sentencing, Petitioner again stipulated that there was a factual basis for his guilty plea and agreed that the Court could rely on the offense conduct set forth in the PSR. [Id. at 2]. The Court agreed to accept the recommended number of images in the plea agreement, which lowered Petitioner's offense level by one and reduced the guidelines range to 151 to 188 months' imprisonment. [Id. at 4-5]. The Government noted that Petitioner's conduct involved not just online activity seeking out images but someone who sought out minors to engage in conversations with, to seek photos from, and in at least one case, to engage in an in-person relationship with. [Id. at 9]. The Government also noted that Petitioner "admitted to sharing child pornography in online groups." [Id. at 10]. The Government pointed to, among other things, the impact of the offense on the victim and victim's family and Petitioner's admission to having a sexual attraction to children. [Id. at 9-17]. The Court sentenced Petitioner to a sentence of 180 months in prison, citing "the very serious nature of the offense which involved a pattern of predatory activity seeking to victimize minors for self-gratification purposes." [Id. at 18; see also CR Doc. 46 at 2]. Petitioner did not file a direct appeal.

On November 3, 2020, Petitioner timely filed the pending motion to vacate. [CV Doc. 1]. Petitioner argues that he received ineffective assistance of counsel at sentencing for counsel's failure to challenge a two-level enhancement for distribution and "to present § 3553(a) factors" and that the Court erred by imposing the same enhancement. [Id. at 4-5, 13]. For relief, Petitioner seeks to be resentenced without the enhancement. [Id. at 12].

The Government timely responded to Petitioner's motion, [CV Doc. 3], and Petitioner replied, [CV Doc. 5].

4

This matter is now ripe for adjudication.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Ineffective Assistance of Counsel

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v.

Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

To establish prejudice in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). In evaluating claims under § 2255, statements made by a defendant under oath at the plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). "[C]ourts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." United States v. Lemaster, 403 F.3d 216, 216, 221-22 (4th Cir. 2005). Indeed, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss … any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 221-22.

When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea." United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010). Thus, a knowing and voluntary guilty plea "forecloses federal collateral review" of prior constitutional deprivations, including allegations of ineffective assistance of counsel that do not affect the voluntariness of the plea. See Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1294-96 (4th Cir. 1992); accord United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997); Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992); Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983). A guilty plea is valid when it "represents a voluntary and intelligent choice among the alternative

6

courses of action open to the defendant." Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000) (citing North Carolina v. Alford, 400 U.S. 25, 31 (1970)).

When the ineffective assistance claim relates to a sentencing issue, the petitioner must demonstrate a "'reasonable probability' that his sentence would have been more lenient" but for counsel's error. Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999) (quoting Strickland, 466 U.S. at 694)). If the petitioner fails to meet this burden, the "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

Petitioner argues that counsel provided ineffective assistance at sentencing by failing to challenge the distribution enhancement and requests resentencing without that enhancement. Section 2G2.2(b)(3)(F) of the Guidelines calls for a two-level enhancement "[i]f the defendant knowingly engaged in distribution, other than distribution in subdivisions (A) through (E)." Distribution is defined as "any act, including possession with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor." § 2G2.2 cmt. n.1. Petitioner's claim lacks merit.

Petitioner agreed to the enhancement as part of the plea agreement. His attorney could not challenge the enhancement without risking breaching the plea agreement, including the recommendation for a lower offense level based on the number of images and the three-level reduction for acceptance of responsibility. Moreover, there was no basis to challenge the enhancement. Petitioner contends that the enhancement was based on his use of peer-to-peer software and that the Government failed to prove he had the requisite intent to distribute through use of that software. [See CV Doc. 1 at 25, 33-34, 36, 40]. Neither the factual basis nor the PSR describe Petitioner using peer-to-peer software. Rather, the enhancement was based on Petitioner's

7

admission that he traded child pornography on an app.  [CR Doc. 37 at ¶ 9].  Petitioner's own admission, which he affirmed in the factual basis and during the guilty plea hearing, that he traded in child pornography is sufficient to apply the enhancement.

Petitioner has also failed to show prejudice.  Petitioner's admission was sufficient to support the enhancement.  See United States v. Sterzelbach, 338 Fed. App'x 73, 75 (2d Cir. 2009); United States v. Byers, 507 Fed. App'x 616, 617 (8th Cir. 2013) (finding evidence sufficient to support five-level enhancement under U.S.S.G. § 2G2.2(b)(3)(B) where defendant admitted to exchanging or sharing child pornography).  Petitioner, therefore, cannot show there is a reasonable probability that he would have received a lower sentence even if counsel could have challenged the enhancement.[2]  See Royal, 188 F.3d at 249.

Petitioner also claims that his attorney was ineffective in his presentation of the § 3553(a) sentencing factors.  Petitioner's vague and conclusory assertions on this issue are insufficient to establish a claim of ineffective assistance.  See United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013) (holding it was proper to dismiss § 2255 claims based on vague and conclusory allegations).  Petitioner also fails to show prejudice on this issue, see Royal, 188 F.3d at 249, and it will be dismissed

In sum, because Petitioner cannot show deficient performance or prejudice, his ineffective assistance claims will be dismissed.  See Strickland, 466 U.S. at 687-88; Royal, 188 F.3d at 249.

---

[2] Relative to this claim, Petitioner also argues that his attorney ignored his "right to review and inspect all aspects of Discovery" and "shelter[ed] [Petitioner] from access to conditions set forth by the Office of Probation as relevant conduct enhancements." [CV Doc. 1 at 22]. Petitioner, however, fails to show what discovery he believes he did not have access to or how any deficiencies relative to Petitioner's access to discovery affected the outcome of these proceedings. To the extent Petitioner sought to state a claim for relief under § 2255 based on this issue, he has similarly failed.

8

### B. Sentencing Enhancement by the Court

Petitioner also claims that the Court erred in applying the § 2G2.2(b)(3)(F) sentencing enhancement. This claim will be dismissed. It was waived through the plea agreement, is procedurally barred, is not cognizable on collateral review, and lacks merit.

A knowing and voluntary waiver of the right to pursue post-conviction relief is enforceable. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Petitioner waived the right to seek post-conviction relief, including under § 2255, in his plea agreement. Petitioner does not allege that his plea was involuntary, and any such claim would contradict Petitioner's sworn testimony at his plea hearing. As such, the Court will dismiss Petitioner's challenge to the guidelines enhancement for distribution as waived.

Petitioner's claim on this issue is also procedurally barred. A motion under § 2255 motion is not a substitute for a direct appeal. See United States v. Frady, 456 U.S. 152, 165 (1982). Claims of error that should have been raised on direct appeal, but were not, are procedurally barred unless the petitioner shows both cause for the default and actual prejudice or demonstrates that he is actually innocent of the offense. See Bousley v. United States, 523 U.S. 614, 621-22 (1998). Petitioner has not alleged or shown cause and prejudice or actual innocence. Accordingly, the Court will also dismiss this claim as procedurally barred.

Furthermore, Petitioner's challenge is not cognizable on collateral review. "[N]ot every alleged sentencing error can be corrected on collateral review… [O]nly those errors presenting a 'fundamental defect which inherently results in a complete miscarriage of justice' are cognizable." United States v. Foote, 784 F.3d 931, 932 (4th Cir. 2015) (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). Petitioner's claim here is not cognizable because he does not identify an error resulting in a fundamental defect. See United States v. Pregent, 190 F.3d 279, 283-84 (4th

9

Cir. 1999) ("[b]arring extraordinary circumstances, however, an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding").

In this regard, Petitioner raises two constitutional challenges to his sentence. Both are without merit. First, Petitioner claims that the enhancement violates his Sixth Amendment rights because it was applied without proof beyond a reasonable doubt. [CV Doc. 1 at 34]. Such proof is not required where the enhancement does not increase the statutory maximum penalty to his offense. Apprendi v. New Jersey, 530 U.S 466, 490 (2000). Second, Petitioner claims that the distribution guideline is void for vagueness. [CV Doc. 1 at 41, 44]. Beckles v. United States, 137 S. Ct. 886 (2017), clearly forecloses this argument. The Supreme Court held that "the advisory Guidelines are not subject to vagueness challenges." Id. at 890. The Court, therefore, also dismisses Petitioner's claim on this issue as not cognizable on collateral review.

Finally, even if Petitioner could challenge application of the distribution enhancement on collateral review, it is without merit. Petitioner's admission that he traded in child pornography was sufficient to support the Court's application of the distribution enhancement.

As such, for these reasons, the Court will dismisses Petitioner's claim that the Court erred in applying the distribution enhancement at sentencing.

## IV.    CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's Section 2255 motion to vacate.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED**.

10

Case 3:18-cr-00343-RJC-DCK   Document 55   Filed 10/22/21   Page 10 of 11

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED**.

Signed: October 22, 2021

*[Signature]*

Robert J. Conrad, Jr.
United States District Judge